IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDGAR LEE STANFIELD, ) | |
| ) | |
| Stanfield, ) | |
| ) | |
| v. ) | 1:17-cv-01825-MHH-JEO |
| ) | |
| WILLIE THOMAS, Warden, and THE ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

# REPORT AND RECOMMENDATION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Edgar Lee Stanfield, an Alabama state prisoner acting *pro se*. (Doc.[1] 1). In his now-governing amended habeas petition, Stanfield challenges a conviction and ten-year prison sentence entered in the Circuit Court of St. Clair County, Alabama, Ashville Division, for failing to register as a sex offender and for enticing a minor for immoral purposes. (Doc. 7). The action is referred to the undersigned for preliminary review pursuant to the standard procedures of this court, and the cause now comes to be heard for a report and recommendation on the petition. *See* 28 U.S.C. § 636(b); Rule 72(b), FED. R. CIV.

---

[1] References to "Doc(s). ___" are to the document number(s) of the pleadings, motions, and other materials in the court file as compiled and designated on the docket sheet by the clerk of the court. Unless otherwise noted, pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

P.; Rules 4 and 10, RULES GOVERNING § 2254 HABEAS PROCEEDINGS. Upon consideration, the court concludes that the petition is due to be denied both because the petition is barred by the statute of limitations.

## I.

### A.

In October 2015, Stanfield was charged in the St. Clair Circuit Court with failure to register as a sex offender, *see* Ala. Code § 15-20A-10, and enticement of a minor for immoral purposes, *see* Ala. Code § 13A-6-69. (Doc. 7 at 1-2; Doc. 1 at 12, 17, 20). On December 15, 2015, he pled not guilty by reason of mental disease or defect, and, through appointed counsel, moved for a psychological evaluation. (Doc. 7 at 2, 5). On December 21, 2015, the trial court granted that motion and ordered a mental examination. (Doc. 1 at 12, 18). However, on January 12, 2016, with that exam still pending, Stanfield's attorney and the prosecutor presented Stanfield with a proposed plea agreement. (*Id.* at 8-9, 12). On that same date, Stanfield signed the agreement, pled guilty, and the court accepted that plea and sentenced him to ten years' imprisonment. (Doc. 1 at 2, 4, 12, 18, 19; Doc. 7 at 1, 2, 5). Also on that date, the trial court granted a motion by Stanfield's counsel to waive the mental examination. (Doc. 1 at 12, 18, 27; Doc. 7 at 5). Stanfield did not appeal. (Doc. 1 at 2, 4; Doc. 7 at 2). He was initially assigned to serve his sentence at the Kilby Correctional

Institution outside of Montgomery, Alabama, but he was later transfer to the Bibb Correctional Facility in Brent, Alabama, where he remains incarcerated.

After being sentenced, Stanfield did not file a petition for post-conviction relief pursuant to Rule 32, Ala. R. Crim. P. (Doc. 1 at 3; Doc. 7 at 3). Rather, the only species of application he filed in the Alabama state courts between then and his filing of this federal habeas corpus action was a *pro se* motion asking the St. Clair Circuit Court to order the Alabama Department of Corrections ("ADOC") to restore good time credits on his sentence. (Doc. 1 at 3). A copy of that motion, which was docketed on May 3, 2017, but is signed and dated April 30, 2017, is attached hereto as Exhibit A. *See State v. Stanfield*, No. 59-CC-2015-000237.00, Doc. 41 (St. Clair., Ala. Cir. Ct., Ashville Div., May 3, 2017)[2]. Those online records also show that the state court initially denied the motion on June 5, 2017. Stanfield then sent letters to the judge and the court clerk in mid-June and mid-July 2017, asking for reconsideration, a new court date, and offering additional evidence in support of his claim. *See id.*, Doc. 49 (St. Clair., Ala. Cir. Ct., Ashville Div., June 16, 2017); *id.*, Doc. 51 (St. Clair., Ala. Cir. Ct., Ashville Div., July 17, 2017). Copies of those letters

---

[2]Exhibits A and B attached hereto were obtained from online court records available at www.alacourt.com.

are attached as Exhibit B.  Ultimately, however, the state trial court denied the motion on September 26, 2017.  (Doc. 1 at 3).  Stanfield did not appeal from that denial.  (*Id.*)

## B.

Acting *pro se*, Stanfield initiated this action by filing a § 2254 federal habeas application.  (Doc. 1).  In that petition, which he signed and dated October 7, 2017, Stanfield sought to challenge not only the above-referenced judgment from St. Clair County but also two other failure-to-register guilty-plea convictions entered in May 2016 and September 2016 by the Circuit Courts of DeKalb County and Jefferson County, Alabama, respectively.  (Doc. 1 at 2).  In support, he raised four grounds for relief.  First, he claimed that "coercion was used in obtaining" his guilty pleas in "all counties" because he had been "deprived of med[ication]," which made it "hard to understand much."  (*Id.* at 5).  Second, he contented that the trial judge in the Jefferson County case told him he could not appeal, thereby resulting in the denial of his right to appeal.  (*Id.*)  Third, he asserted that ADOC "altered [his] sentence" by taking away his good time credits, which meant, he said, that instead of being potentially eligible for release on December 1, 2018, he would remain incarcerated until August 17, 2025.  (*Id.*)  Fourth and finally, Stanfield claimed generally that his sentences were "illegal" because "none should have been more than 5 years, or less." (*Id.*)

On preliminary review, the court issued an order advising Stanfield that he could not attack convictions entered by different state courts in a single § 2254 habeas petition, *see* Rule 2(e) of the RULES GOVERNING § 2254 HABEAS PROCEEDINGS, and thus required that he re-plead. (Doc. 4). Stanfield responded with his now-governing Amended Petition, which he signed and dated December 8, 2017. (Doc. 7). In that pleading, Stanfield raises claims that challenge only the judgment of the St. Clair Circuit Court. His first claim is that his guilty plea is invalid on the basis that he was "incompetent" and was "coerced and/or forced" into pleading guilty, in violation of his rights under the Due Process Clause of the Fourteenth Amendment. (*Id.* at 5; *see also* Doc. 1 at 10-12[3]). Stanfield says such coercion was exerted by his defense attorney, the state trial court judge, and the prosecutor. (Doc. 1 at 8, 14). In support, Stanfield asserts that, since retiring from the Marines in 2002, he has experienced a host of mental health and trauma issues, which include having suffered severe injuries in an accident in 2008, and being diagnosed and treated for post-traumatic stress disorder and bi-polar disorder in 2010. (Doc. 1 at 9, 11). He also advises that, in 2013, he was "deemed as incompetent for his affairs" by the Circuit Court of Marshall County, Alabama. (*Id.* at 11). With that as background, Stanfield emphasizes that, at

---

[3]In his amended habeas petition, Doc. 7, Stanfield has incorporated by reference the allegations set forth on pages 8-16 of his original petition, plus the exhibits attached on pages 17-27. (*See* Doc. 7 at 5, ¶ 12(Ground One)(a)).

5

the time of his plea, he had been "deprived of mental health med[ication]" (Doc. 7 at 5) and that the trial court accepted his guilty plea notwithstanding that the mental examination it had previously ordered was never performed. (*Id.*; Doc. 1 at 8-9, 12). Stanfield similarly complains that, on the same day he pled guilty, he was also "coerced" into waiving the mental examination. (Doc. 7 at 5).

In his second claim for habeas relief, Stanfield contends that he was denied his right to appeal. (Doc. 7 at 7). In support, Stanfield says that after allegedly being coerced into pleading guilty, the trial judge told him that "he could not appeal anything about the plea bargain, sentence or anything in any way whatsoever." (*Id.*) He asserts that he was thus "led to believe that there was nothing he could do" and that the state trial court thereby "deprived him the state relief procedures constitutionally allowable to him under state corrective process ...." (*Id.*)

## II.

### A.

A federal district court is authorized to entertain an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214,

habeas corpus claims under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). While district courts are not obligated to do so, they are permitted to consider, *sua sponte*, the timeliness of a § 2254 petition, provided that the State has not expressly and knowingly waived the defense. *See Day v. McDonough*, 547 U.S. 198, 207-10 (2006); *see also Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) (explaining that Habeas Rule 4 differentiates habeas cases from other civil cases with respect to sua sponte consideration of affirmative defenses).

The statute of limitations on § 2254 habeas applications commences running from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). When a habeas petition contains multiple claims subject to different trigger dates, the running of the limitations period is analyzed on a claim-by-

claim basis rather that looking at the petition as a whole. *Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013).

Stanfield's claims in his amended § 2254 petition relate the validity of his guilty plea and his right to pursue a direct appeal. Given the nature of those claims, they are governed by § 2244(d)(1)(A), tied to the date that his conviction became final. *See Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Stanfield did not pursue a direct appeal, his conviction became final upon the expiration of the time in which he might have filed a timely notice of appeal under state law, which was 42 days after he was sentenced on January 12, 2016. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009); Rule 4(b), Ala. R. App. P. By that calculation, Stanfield's conviction became final on February 23, 2016, and the limitations period of § 2244(d)(1) would have expired one year later, on February 23, 2017. The earliest that Stanfield could be deemed to have filed this federal habeas action is October 7, 2017, the date that he signed his original petition. *See McCloud*, 560 F.3d at 1227. Therefore, this habeas action is untimely by 226 days, or 7 months and 14 days, absent some form of tolling of the limitations period. There are two types of such tolling, generally known as "statutory" and "equitable." The potential application here of each is discussed below.

**B.**

"Statutory" tolling arises from 28 U.S.C. § 2244(d)(2), which provides that the limitations period of § 2244(d)(1) is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." The Supreme Court has defined "collateral review" as meaning "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). The most common type of application in Alabama criminal practice that may toll the federal limitations period under § 2244(d)(2) is a petition for post-conviction relief under Rule 32, Ala. R. Crim. P. *See, e.g., McCloud*, 560 F.3d at 1227. That is the procedural vehicle by which an Alabama state prisoner may seek to vacate or correct a conviction or the length of the sentence imposed, based on a violation of state or federal law or based on newly discovered evidence. *See* Rule 32.1(a)-(c), (e), Ala. R. Crim. P. Indeed, a state post-conviction application attacking "the pertinent judgment, § 2244(d)(2), operates as a tolling motion even if the application raises claims based only on state law and does not include claims raised in the subsequent federal habeas petition. *See Ford v. Moore*, 296 F.3d 1035, 1037-40 (11th Cir. 2002); *see also Sibley v. Culliver*, 377 F.3d 1196, 1200-01 (11th Cir. 2004).

Stanfield, however, never filed a Rule 32 petition. Rather, in the only post-judgment application that he filed in an Alabama state court he asked the state trial court to restore good time credits he claimed the ADOC had erroneously taken from him. (Doc. 1 at 3). A state prisoner claiming that the state's denial or revocation of good time credits violated the federal Constitution may seek restoration of the credits in a federal habeas action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Such a claim attacking only the calculation or execution of a prisoner's sentence is governed by § 2244(d)(1)(D), under which the limitations clock runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Brown v. Barrow*, 512 F.3d 1304, 1307 & n. 1 (11th Cir. 2008); *Day v. Hall*, 528 F.3d 1315, 1317 (11th Cir. 2008); *Adamson v. McNeil*, 353 F. App'x 238, 241 (11th Cir. 2009).

It might be assumed that Stanfield's application in the St. Clair Circuit Court seeking review of an administrative revocation of good time credits, if it were timely and otherwise "properly filed," would qualify as a tolling motion as it would relate to a "pertinent ... claim," § 2244(d)(2), seeking restoration of the credits. *Cf. Day*, 528 F.3d at 1317-18 (treating a mandamus petition in the Georgia state courts seeking review of the Georgia Parole Board's decision denying parole as a tolling motion *vis-*

10

*á-vis* a federal habeas claim challenging the decision to deny parole). However, Stanfield's now-governing habeas petition does not press any such claim related to good time credits; instead, his claims now attack only the validity of his criminal judgment itself.[4] Again, the limitations period applies on a claim-by-claim basis. *Zack, supra*. And because his motion in the state trial court asked it to review only the ADOC's administrative calculation of his sentence, that motion does not operate as a tolling motion under § 2244(d)(2) as it relates to claims attacking his criminal

---

[4] Stanfield did raise a claim in his original habeas petition complaining that the ADOC "altered [his] sentence" by revoking good time credits. (Doc. 1 at 5, ¶ 12(B)). In support, the entirety of what he there alleged is as follows: "They first told me I would go home 12-1-18. [Two] months later all good time gone, now go home 8-17-25. Some lawyers I contacted said this is not legal." (*Id.*) After the court ordered Stanfield to re-plead because his original petition impermissibly attacked judgments from three different state courts, he did not include that claim in his amended petition. (*See* Doc. 7). And while that amendment does incorporate by reference certain pages of a memorandum and exhibits supporting his original petition (*see* Doc. 7 at 5, ¶ 12(Ground One)), those pages do not mention anything related to the "altered sentence" claim. (*See* Doc. 1 at 8-27). Generally speaking, an amended pleading supersedes a prior one such that the prior one ceases to be of legal effect. *See Pacific Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). Courts apply that rule in habeas cases. *See Calhoun v. Bergh*, 769 F.3d 409, 410-11 (6th Cir. 2014); *Sam v. Louisiana*, 409 F. App'x 758, 762 (5th Cir. 2011); *Clark v. Boyd*, 2009 WL 3062680, at *1 n. 1 (S.D. Ala. Sept. 21, 2009). As such, Stanfield's "altered sentence" claim is no longer in the case. But even if it were in the case and deemed timely, it would still fail. Habeas corpus applications under § 2254 are subject to heightened pleading requirements that demand non-conclusory factual allegations demonstrating a violation of federal law that would entitle the petitioner to relief. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005); *McFarland v. Scott*, 512 U.S. 849, 856 (1994). On that score, Standfield's allegations related to his "altered sentence" are so vague and conclusory that they are patently insufficient to state a cognizable claim. On top of that, he also did not exhaust the claim through one complete round of appellate review in the state courts, *see* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), and the time in which he might have sought such review has expired, so the claim is procedurally defaulted in this court. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

judgment. *See Collins v. Ercole*, 667 F.3d 247, 250-53 (2d Cir. 2012) (holding that state-court postconviction motions challenging administrative decision that his murder sentence ran consecutively to, rather than concurrently with, a prior undischarged prison term did not contest his murder judgment and thus was not a § 2244(d)(2) tolling motion as to federal habeas claims contesting that judgment); *Kholi v. Wall*, 582 F.3d 147, 151 (1st Cir. 2009) (holding that state-court application challenging an administrative decision regarding date of parole eligibility did not bear a sufficient relationship to the judgment attacked by the federal habeas petition to constitute a tolling motion), *aff'd*, 562 U.S. 545 (2011); *cf. Wall*, 562 U.S. at 1286 n. 4 (suggesting in dicta that "a motion for post-conviction discovery or a motion for appointment of counsel" are not § 2244(d)(2) tolling motions because they "are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment."). As a result, Stanfield is not entitled to any period of statutory tolling.[5]

---

[5]The undersigned would note that it also appears that Stanfield filed his motion for restoration of good time credits in the wrong state circuit court. The proper method under Alabama state law for a state prisoner to challenge an administrative determination with regard to lost good time credits is a petition for a writ of habeas corpus. *See Ex parte Livingston*, 885 So. 2d 854, 856 (Ala. Crim. App. 2004). Such a petition "must be" filed in the state circuit court "nearest" to the prisoner's place of confinement. Ala. Code § 15-21-6(b). At the time he filed his motion for restoration of good time credits, Stanfield was incarcerated at the Bibb Correctional Facility in Bibb County. He filed his motion, however, in St. Clair County, where he was convicted and sentenced.

Moreover, even assuming for the sake of argument that his state-court motion related to his good-time credits could toll the limitations period under § 2244(d)(2), it does not appear from the record that the period of any such tolling would itself be sufficient to save Stanfield's claims from being untimely. To wit: Stanfield might be deemed to have filed that motion no earlier than April 30, 2017, the date it is signed. *See* Exhibit A; *see also Hill v. Jones*, 242 F. App'x 633, 635 n. 5 (11th Cir. 2007). The state court finally denied it on September 26, 2017, and Stanfield did not appeal. The state-court application could thus remain "pending" for purposes of § 2244(d)(2) for, at most, an additional 42 days, or November 7, 2017, marking the expiration of the deadline for filing a timely notice of appeal. *See Cramer v. Secretary, DOC*, 461 F.3d 1380, 1383-84 (11th Cir. 2006). Even if the limitations period were tolled for that whole period, it would still amount to only 192 days, whereas Stanfield's federal habeas petition is late by 226 days, as discussed above. Further, Stanfield filed this federal habeas action on October 7, 2017, one month before the deadline for him to file a timely appeal with regards to the state court's denial of his motion to restore good time credits. As a result, it seems that Stanfield could be entitled to statutory tolling only from the time he filed the state-court motion until he actually filed this action, a period of 160 days. Either way, statutory tolling alone could not render Stanfield's claims timely.

13

C.

The limitations period of § 2244(d) is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, 560 U.S. at 649 (citation and internal quotation marks omitted). The Eleventh Circuit has explained:

> Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Thus, we have concluded that equitable tolling is available only " 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " *Id.* (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The petitioner bears the burden of showing that equitable tolling is warranted. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

*Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The only circumstance Stanfield references in his petition that might qualify for equitable tolling is that he allegedly suffers from a mental impairment. While a lack of legal training or a general ignorance or confusion regarding the requirements of the law are not extraordinary circumstances warranting equitable tolling, *see Rivers v.*

*United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. F. App'x 995, 997 (11th Cir. 2013), a substantial mental impairment may be. *Hunter*, 587 F.3d at 1308-10. Accordingly, the undersigned will interpret Stanfield's *pro se* allegations of a mental impairment as a claimed basis for equitable tolling. *See generally Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings must be liberally construed).

To prevail on such a claim, however, a petitioner must first make a "factual showing of mental incapacity." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). And even then, "mental impairment is not *per se* a reason to toll a statute of limitations." *Hunter*, 587 F.3d at 1308. Rather, a petitioner is required to establish further that a mental impairment "prevented him from understanding his rights and obligations under AEDPA and acting upon them in a timely fashion." *Id.* at 1309. That is, a petitioner must make a showing sufficient to support "a causal connection between his mental incapacity and his ability to file a timely § 2254 petition." *Id.; see also Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Finally, a petitioner with a mental impairment must also demonstrate that he acted with "an appropriate degree of diligence for someone in his situation." *Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) (quoting *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)).

Stanfield alleges that, since being discharged from the military in 2002, he has a significant history of mental impairment and trauma, which has included serious injuries suffered in some kind of accident in 2008 and being diagnosed with and treated for post-traumatic stress disorder and bi-polar disorder, with "admissions to multiple mental health facilities." (Doc. 1 at 9, 11). He further states that, in 2013, the Circuit Court of Marshall County, Alabama, declared him "incompetent for his affairs" (*Id.* at 11), and he emphasizes that the trial court granted his attorney's motion in the St. Clair County case because it was apparent that there were doubts about his competence to stand trial. However, even assuming that such allegations are sufficient to support that Stanfield has a severe mental impairment, he cannot show that it caused him to be unable to timely file this habeas corpus action and that he has acted with due diligence. In particular, while Stanfield makes generic complaints about the quality of his mental health care since being sent to prison in January 2016, he admits he has been receiving psychiatric medication. (*Id.* at 12). He also does not give any meaningful details about the status of his condition since that time, which is what is material to the limitations period. Moreover, his pleadings and the exhibits in the file demonstrate that, despite whatever mental impairments he may have, by the end of April 2017, more than five months before he filed this action, he was able to file his *pro se* motion in the state trial court seeking restoration of his good time

16

credits. *See* Exhibit A. And he was then able to send follow-up correspondence and evidence asking for reconsideration in mid-June and mid-July 2017. *See* Exhibit B. In short, the fact that Stanfield was able to pursue such remedies in state court with regard to his good time credits indicates that he could have likewise filed a § 2254 habeas action if he were acting with due diligence. Accordingly, Stanfield's habeas petition cannot be deemed timely based on equitable tolling, either.

## D.

AEDPA's statute of limitations is also subject to a "fundamental-miscarriage-of-justice" exception, whereby the time-bar can be overcome by a credible showing by the petitioner that he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 393-94 (2013). Under that exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). However, Stanfield's makes no claim that he is actually innocent, so his untimely habeas claims cannot be heard on such a basis.

## III.

Based on the foregoing, it is **RECOMMENDED** that the habeas corpus petition filed in the above-styled action be **DENIED** on the ground that it is barred by the statute of limitations.

### Notice of Right to Object

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may

accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.  A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**DATED**, this the 19th day of January, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge