IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDGAR LEE STANFIELD, ) | |
| ) | |
| Stanfield, ) | |
| ) | |
| v. ) | 1:17-cv-01825-MHH-JEO |
| ) | |
| WILLIE THOMAS, Warden, and THE ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

*Pro se* petitioner Edgar Lee Stanfield filed this 28 U.S.C. § 2254 petition for writ of habeas corpus on October 30, 2017. (Doc. 1). In his amended habeas petition, Mr. Stanfield challenges a conviction and ten-year prison sentence entered in January 2016 by the Circuit Court of St. Clair County, Alabama, Ashville Division, for failure to register as a sex offender and for enticement of a minor for immoral purposes. (Doc. 7).

On January 19, 2018, the magistrate judge to whom the case is referred entered a report in which he recommended that the Court deny Mr. Stanfield's habeas petition because the petition is barred by the applicable one-year statute of limitations. (Doc. 8). Mr. Stanfield has objected to the report and recommendation. (Doc. 9).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B)-(C). The Court reviews *de novo* legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11 th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having carefully reviewed and considered the materials in the court file, the Court agrees that statutory tolling cannot save Mr. Stanfield's habeas petition from the applicable one-year statute of limitations. The Court does not adopt the magistrate judge's discussion of Mr. Stanfield's state court motion for good time credit as a possible tolling mechanism (Doc. 8, p. 13) because the one-year period ran before Mr. Stanfield filed his state court motion. Mr. Stanfield's state court conviction became final and the one-year habeas limitation period began to run on February 23, 2016. (Doc. 8, p. 8). The one-year period expired on February 23, 2017. Mr. Stanfield did not file his good time

motion until April 30, 2017 (Doc. 8-1), so that motion cannot save his petition from the one-year time limit.[1]

The Court adopts the magistrate judge's analysis of the legal standard concerning equitable tolling. As the magistrate judge explained, a petitioner must establish "that a mental impairment 'prevented him from understanding his rights and obligations under AEDPA and acting upon them in a timely fashion.'" (Doc. 8, p. 15) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1309 (11th Cir. 2009)). And "a petitioner must make a showing sufficient to support 'a causal connection between his mental incapacity and his ability to file a timely § 2254 petition.'" (Doc. 8, p. 15) (quoting *Hunter*, 587 F.3d at 1309).

Application of that standard is difficult in this case. Mr. Stanfield's allegations regarding his mental health are very concerning, but Mr. Stanfield has provided no records to support the allegations in his petition and the arguments in his objections. According to Mr. Stanfield's allegations, there should be Veteran's Administration medical records that would corroborate diagnoses of PTSD and bi-polar disorder, and there should be court records from Marshall County, Alabama that confirm that Mr.

---

[1] Because of the relaxed pleading standard for *pro se* litigants, the Court reads Mr. Stanfield's original habeas petition and his amended petition together for purposes of considering his good time argument. Mr. Stanfield expressly incorporated a portion of his original petition in his amended petition. (Doc. 7, p. 5) (incorporating Doc. 1, pp. 8-16).

Stanfield was declared civilly incompetent in 2013. (Doc. 1, p. 11).[2] Mr. Stanfield provided several court records in support of his habeas petition (Doc. 1, pp. 17-27) and Department of Corrections records in support of his state good time motion (Doc. 8-2, pp. 4-5), but he provided no court records to support his contention concerning his alleged civil incompetence. The Court has studied Mr. Stanfield's state court good time motion and related correspondence. (Docs. 8-1 and 8-2). Those documents support the magistrate judge's causation analysis. Mr. Stanfield's initial petition also demonstrates some sophistication, especially his request for a Rule 35 mental health evaluation. But there is language in Mr. Stanfield's initial petition that supports his allegation of mental incapacity, and the fluctuating penmanship in the original petition is odd and inconsistent with the handwriting in Mr. Stanfield's state court submissions concerning his good time motion. (*Compare* Doc. 1 and Docs. 8-1 and 8-2). Still, on balance, given the demanding standard for equitable tolling and the overall level of sophistication in Mr. Stanfield's court papers, the Court adopts the magistrate judge's finding that Mr. Stanfield has not demonstrated that his alleged mental impairment prevented him from understanding his rights and obligations under AEDPA and that his alleged impairment caused him to file his habeas petition after the statute of limitations expired.

---

[2]Mr. Stanfield attributes his mental health conditions to his service in the United States Marines. (Doc. 1, p. 15).

Because Mr. Stanfield's petition does not present issues that are debatable among jurists of reason with respect to the statutory tolling issue, the Court denies a certificate of appealability concerning that issue. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11, Rules Governing § 2254 Proceedings. Mr. Stanfield may request a certificate concerning that issue from the Court of Appeals. Because Mr. Stanfield's petition presents issues that are debatable among jurists of reason with respect to the equitable tolling issue, the Court grants a certificate of appealability concerning that issue. *See* 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing § 2254 Proceedings. If Mr. Stanfield is not competent, then he has made a substantial showing of the denial of a constitutional right.

The Court will enter a separate final order consistent with this memorandum opinion.

**DONE** this 30th day of December, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE